## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAQUAN E. JOHNSON,<br><br>                     Plaintiff,<br><br>     v.<br><br>K. BULLOCK, *et al.*,<br><br>                    Defendants. | Civil Action No. 24-1450 (JXN)(JBC)<br><br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Laquan E. Johnson's ("Plaintiff") civil rights complaint ("Complaint"), brought pursuant to *Bivens v. Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1.) The Honorable Robert B. Kugler, U.S.D.J. (ret)[1], previously granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 6.)

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

The Court construes the Complaint as raising an Eighth Amendment deliberate indifference claim, asserting that Defendant K. Bullock intentionally delayed Plaintiff, a federal prisoner housed at Fort Dix Federal Correctional Institution, from applying for release to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. 116-136, §

---

[1] On June 24, 2024, this matter was reassigned to the undersigned for all further proceedings. (ECF No. 8.)

12003, 134 Stat. 281 (2020). (ECF No. 1 at 1-2.) The Court has screened the Complaint in this action for dismissal and has determined that Plaintiff's *Bivens* claim against Defendant K. Bullock may proceed.

However, the Complaint fails to state a claim against Defendants United States and Federal Bureau of Prisons ("FBOP"). It is well-settled that *Bivens* actions against the United States—and, by extension, against federal agencies or officials sued in their official capacity—are barred by sovereign immunity, absent an explicit waiver of that immunity. *See Huberty v. United States Ambassador to Costa Rica*, 316 F. App'x 120, 122 (3d Cir. 2008) (citing *FDIC v. Meyer*, 510 U.S. 471, 483 (1994)). A *Bivens* action cannot be brought against a federal agency, such as the FBOP, since such claims are plainly barred by the doctrine of sovereign immunity. *See Coffey v. Fed. Bureau of Prisons*, No. 15-0231, 2015 WL 2185518, at *2 (D.N.J. May 11, 2015) ("The Federal Bureau of Prisons and the United States have sovereign immunity against suit in a *Bivens* action.") (citing *Perez–Barron v. United States*, 480 F. App'x 688, 691 (3d Cir. 2012)). Accordingly, Plaintiff's *Bivens* claim against the United States and FBOP is dismissed with prejudice.

Finally, Plaintiff's request for immediate release to home confinement is dismissed without prejudice. Plaintiff seeks release from custody and to serve the remainder of his sentence in home confinement. (ECF No. 1 at 1.) To the extent Plaintiff is seeking that the Court order the FBOP to deem him eligible for immediate home confinement designation under the CARES Act, the Court does not have the authority to grant his request for such relief. A habeas petition under § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement," *Presser v. Rodriguez*, 411 U.S. 475, 494 (1973), or the "execution" of his confinement. *Woodall v. Fed. BOP*, 432 F.3d 235, 241-42 (3d Cir. 2005). Further, the court must look to the remedy requested by the inmate to determine if he is seeking relief available in a habeas petition. "When a petitioner seeks

immediate release from custody, the 'sole federal remedy' lies in habeas corpus." *Camacho Lopez v. Lowe*, 2020 WL 1689874, *8 (M.D. Pa. April 7, 2020) (citing *Presser*, 411 U.S. at 500). Therefore, the Court will dismiss without prejudice Plaintiff's request for release to home confinement.[2] Accordingly,

IT IS on this 9th day of October 2024,

ORDERED that Plaintiff's *Bivins* claim against the United States and Federal Bureau of Prisons is **DISMISSED with prejudice**; it is further

ORDERED that Plaintiff's request for immediate release to home confinement is **DISMISSED without prejudice**; it is further

ORDERED that the remainder of the Complaint may **PROCEED** against Defendant K. Bullock; it is further

---

[2] The expanded authority of the Bureau of Prisons to grant home confinement pursuant to the CARES Act lasted for the "covered emergency period." Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). The Act defined the "covered emergency period" as "beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) and ending on the date that is 30 days after the date on which the national emergency declaration terminates." *Id.* § 12003(a)(2), 134 Stat. at 516. On April 10, 2023, President Biden signed into law a joint resolution terminating the national emergency related to COVID-19. H.J. Res. 7, Pub. L. No. 118-3, 137 Stat. 6 (2023). Accordingly, thirty days later, on May 11, 2023, the covered emergency period ended, and the Bureau of Prisons' expanded authority to grant home confinement pursuant to the CARES Act was terminated.

The Third Circuit recently found that federal courts now lack jurisdiction under § 2241 to review a denial of release under the CARES Act claim. *See Perri v. Warden Fort Dix*, No. 23-1451, 2024 WL 3633567 (3d. Cir. 2024). The Third Circuit explained that Article III of the Constitution limits federal court to "Cases" and Controversies" and that a federal court lacks jurisdiction and "an issue is moot if 'changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.'" *Id.* (citing *Thomas v. Att'y Gen.*, 625 F.3d 134, 140 (3d Cir. 2010) (quoting *Artway v. Att'y Gen. N.J.*, 81 F.3d 1235, 1246 (3d Cir. 1996)).

The Third Circuit found that the Circuit Court could not provide "meaningful relief" because the Bureau of Prisons no longer has the authority to grant home confinement under the CARES Act. Therefore, Plaintiff's request for release to home confinement was a moot issue, and the Circuit Court lacked jurisdiction to review it. Accordingly, here, the Court will not sever Plaintiff's request for release into a separate habeas action under 28 U.S.C. § 2241, as it appears his request for release to home confinement is a moot issue under § 2241. The dismissal of his claim is without prejudice, and Plaintiff may file a separate § 2241 action if he believes this issue is not moot.

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); it is further

**ORDERED** that Plaintiff shall complete the form for Defendant K. Bullock and return It to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ, 07102; it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; it is further

**ORDERED** that Defendant shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

HONORABLE JULIEN XAVIER NEALS
United States District Judge